IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIM FERGUSON,

      Plaintiff,                         No. CIV S-06-1301 MCE CKD P

   vs.

C. HALL,

      Defendant.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. On February 29, 2012, the court ordered plaintiff to show cause why he should not be sanctioned with defendant Hall's reasonable expenses incurred in bringing a motion to compel his deposition. Plaintiff has responded that he failed to attend his previously scheduled deposition of December 22, 2011, because he was incarcerated for forty days, beginning December 8, 2011. See Response (Docket No. 75). However, plaintiff does not explain why he did not notify defense counsel and avoid the costs of the motion to compel, which the court has now granted.

        Under Fed. R. Civ. P. 37(d)(3), a court "<u>must</u> require the party failing to act... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Emphasis

1

added.)  Expenses available under that rule may include the costs of arranging the deposition that plaintiff failed to attend and the costs associated with filing a motion to compel plaintiff's attendance at a newly scheduled deposition.  See Davis v. Ramen, 2010 WL 3211943 at *2 (E.D. Cal.).  Defense counsel has submitted a declaration stating that the time spent drafting the motion to compel and declaration and making attempts to meet and confer with plaintiff before filing the motion cost $1,330.00.  See Declaration of Anthony K. McClaren, ¶ 10 (Docket No. 71-1).  However, defendant has not submitted anything showing the cost of paying the court reporter and recording plaintiff's non-attendance at the deposition that was scheduled for December 22, 2011.  The court is required to consider that amount as chargeable to the plaintiff, unless he can show that he could not have contacted defense counsel about his unavailability before December 22.

        Finally, plaintiff has filed a motion to transfer venue to the Central District of California, where plaintiff resides.  The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  Plaintiff's only stated ground for a change of venue is the fact that he now resides in Los Angeles County.  Under the statute, that is not a basis for finding improper venue.  Therefore the motion will be denied.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Defendant has fourteen days from the entry of this order in which to submit documentation of the costs of arranging the deposition of December 22, 2011.

        2. Plaintiff has fourteen days from the entry of this order in which to show cause why he could not have contacted defense counsel about his unavailability to attend the deposition

1 | of December 22, 2011.

2 |     3.  The motion for change of venue (Docket No. 60) is denied.

Dated: April 9, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
ferg1301.ord